# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RICHARD N. KING,

      Petitioner,

    v.

NEIL TURNER, WARDEN,
NORTH CENTRAL CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-00449
JUDGE GEORGE C. SMITH
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

    This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. (Doc. 1). Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to United States Magistrate Judges.

    It appears from the Court's docket records that Petitioner has paid the filing fee required to commence this action.

    This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." With this standard in mind, and for the reasons that follow, these are the circumstances here.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his March 2006 convictions after a jury trial in the Muskingum County Court of Common Pleas on 61 counts of pandering obscenity involving a minor. The case has a lengthy procedural history summarized here by the Ohio Fifth District Court of Appeals as follows:

> {¶ 2} On November 10, 2004, the Muskingum County Grand Jury indicted appellant on sixty-two counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1) and (5). The charges were felonies of the second and fourth degrees. A jury trial commenced on January 25, 2005. The jury found appellant guilty of all of the charges except one, which was dismissed. As memorialized in an entry filed on March 7, 2005, the trial court sentenced appellant to an aggregate term of thirty-six and one-half years in prison and classified him as a sexual predator/habitual sexual offender.
>
> {¶ 3} Appellant filed an appeal. Pursuant to an Opinion filed on January 19, 2006, this Court affirmed appellant's convictions, but remanded the matter to the trial court to comply with the mandates of R.C. 2929.14(E)(4). *State v. King*, 5th Dist. Muskingum App. No. CT05–0017, 2006–Ohio–226.
>
> {¶ 4} Upon remand, the trial court resentenced appellant to the same sentence as memorialized in an entry filed on March 8, 2006. Appellant filed an appeal. This Court affirmed the resentencing. State v. King, 5th Dist. Muskingum App. No. CT06–0020, 2006–Ohio–6566.
>
> {¶ 5} On October 20, 2005, August 15, 2006, October 8, 2008, March 13, 2009, September 15, 2009, November 2, 2010, and July 14, 2011, appellant filed motions/petitions for postconviction relief on several issues including resentencing, evidentiary issues, ineffective assistance of counsel, and request for new trial. The trial court denied the motions/petitions and appellant filed appeals. This Court affirmed the trial court's decisions. *State v. King*, 5th Dist. Muskingum No. CT2006–0021, 2007–Ohio–2810; *State v. King*, 5th Dist. Muskingum No. CT2007–0004, 2007–Ohio–5297; *State v. King*, 5th Dist. Muskingum No. CT2008–0062, 2009–Ohio–412; *State v. King*, 5th Dist. Muskingum No. CT09–CA–22, 2009–Ohio–3854; *State v. King*, 5th Dist. Muskingum No. CT2009–0047, 2010–Ohio–798; *State v. King*, 5th Dist. Muskingum No. CT2011–0006, 2011–Ohio–4529; *State v. King*, 5th Dist. Muskingum No. CT2012–0018, 2012–Ohio–4070.
>
> {¶ 6} On September 29, 2015, appellant filed a Motion to Vacate Void Conviction, challenging the trial court's subject matter jurisdiction because the indictment was invalid or void. By Journal Entry filed on October 20, 2015, the

trial court denied the motion. Appellant then appealed. Pursuant to an Opinion filed on April 29, 2016 in *State v. King*, 5th Dist. Muskingum No. CT2015–0058, 2016–Ohio–2788, this Court affirmed the judgment of the trial court.

{¶ 7} Appellant, on September 27, 2016, filed a Motion to Correct Void Sentence. Appellant, in his motion, argued that his sentence was void because the trial court, in its March 8, 2006 entry, did not make findings pursuant to R.C. 2929.13. Pursuant to an entry filed on October 6, 2016, the trial court denied appellant's motion, finding that appellant's sentence was not void. We affirmed on appeal pursuant to an opinion filed January 27, 2017. *State v. King*, 5th Dist. Muskingum No. CT2017–0021.

{¶ 8} Appellant filed a "Motion to Resentence" on February 23, 2017, arguing that the jury verdict form did not contain sufficient information to make his conviction on count one a second degree felony, and it therefore should have been reduced to a fourth degree felony. He argued his sentence was void pursuant to R.C. 2945.75(A)(2). The trial court overruled the motion, finding it was an untimely, successive petition for postconviction relief, and further that the motion was barred by the doctrine of res judicata. Appellant assigns two errors:

{¶ 9} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO RESENTENCE AS THE JURY FOUND APPELLANT GUILTY OF A FOURTH DEGREE FELONY ON COUNT ONE AND THE TRIAL COURT IMPROPERLY SENTENCED APPELLANT AS IF IT WERE A FELONY OF THE SECOND DEGREE, THUS MAKING APPELLANT'S SENTENCE VOID.

{¶ 10} "II. THE TRIAL COURT MISAPPLIED THE DOCTRINE OF RES JUDICATA TO APPELLANTS [SIC]MOTION FOR RESENTENCE [SIC] IN THIS CASE WHEN THE MERITS OF THE MOTION HAVE NEVER BEEN DECIDED BECAUSE APPELLANT'S SENTENCE IS VOID."

*State v. King*, 5th Dist. No. CT2017-0021, 2017 WL 2544799, at *1-2 (Ohio Ct. App. June 12, 2017). On October 11, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. King*, 150 Ohio St.3d 1454 (Ohio 2017).

Petitioner also has previously pursued federal habeas corpus relief. On July 21, 2006, he filed his first Petition pursuant to 28 U.S.C. § 2254. On February 27, 2007, Judgment was entered dismissing the action without prejudice as unexhausted. On September 5, 2007, Petitioner re-filed the habeas corpus Petition. On July 21, 2008, Judgment was entered

dismissing the action. On August 11, 2008, the Court denied Petitioner's motion for relief from judgment. On January 5, 2009, the United States Court of Appeals for the Sixth Circuit denied Petitioner's request for a certificate of appealability. On April 20, 2009, the Sixth Circuit denied the petition for a rehearing. Finally, on September 23, 2011, the Sixth Circuit denied Petitioner's request for authorization for the filing of a successive habeas corpus petition. *See King v. Wolfe*, Case No. 2:06-cv-00621.

On February 11, 2019, Petitioner filed this habeas corpus Petition.[1] He asserts that he was denied due process and equal protection because evidence indicated that the crimes charged occurred while he remained incarcerated at the county jail, and the prosecution withheld this evidence from the jury (claim one); and that he was denied due process and equal protection because the jury found him guilty of a fourth degree felony offense, but the trial court improperly imposed a prison term for the violation of a second degree felony offense (claim two). However, this Court lacks jurisdiction to consider these claims, as this action plainly constitutes a second, or successive, habeas corpus Petition.

## II. SUCCESSIVE PETITIONS

28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in

---

[1] He indicates that he submitted it with prison officials for mailing on February 1, 2019. (Doc. 1, PAGEID # 14).

the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id*.

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims:*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

### III. RECOMMENDED DISPOSITION

Consequently, the Magistrate Judge **RECOMMENDS** this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date: February 14, 2019                               /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE