# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICHARD N. KING,**

      **Petitioner,**

   v.

**CASE NO. 2:19-CV-00449**
**JUDGE GEORGE C. SMITH**
Magistrate Judge Kimberly A. Jolson

**NEIL TURNER, WARDEN,**
**NORTH CENTRAL CORRECTIONAL**
**INSTITUTION,**

      **Respondent.**

## OPINION AND ORDER

On February 14, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the Petition for a writ of habeas be transferred to the United States Court of Appeals for the Sixth Circuit as successive. (ECF No. 2.) Petitioner has filed an Objection to that recommendation. (ECF No. 3.) He maintains that this action is not a successive petition, because he challenges the trial court's March 2006 new judgment entry of sentence issued after his re-sentencing hearing. However, his prior habeas corpus petition filed in Case Number 2:06-cv-00621, also challenged that same judgment entry of sentence. Therefore, and for the reasons already detailed in the Magistrate Judge's Report and Recommendation, this action plainly constitutes a successive Petition requiring authorization for filing from the Sixth Circuit.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. In view of the foregoing, Petitioner's Objection (ECF No. 3) is **OVERRULED.** The Report and

Recommendation (ECF No. 2) is **ADOPTED** and **AFFIRMED.** This action is **TRANSFERRED** to the Sixth Circuit as successive.

The Court **DECLINES** to issue a certificate of appealability.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ––U.S. ––. ––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the transfer of this case to the Sixth Circuit as successive. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ George C. Smith*
　　　　　　　　　　　　　　　　　　　　　　　　**GEORGE C. SMITH, JUDGE**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**